UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ACS RECOVERY SERVICES, INC.,

          Plaintiff,

- against –

ALVIN WILMORE, JR., and

CAROLYN WILMORE,

          Defendants.
------------------------------------------------------------------X

JUDGE JONES

08 CV 2017

Civil Action No. _____

**COMPLAINT**

[Stamp: FILED FEB 29 2008 U.S.D.C. S.D.N.Y. CASHIERS]

    Plaintiff, ACS Recovery Services, Inc. ("ACS"), by its attorneys, Day Pitney LLP, as and for its complaint against the defendants ALVIN WILMORE, JR. ("Wilmore, Jr.") and CAROLYN WILMORE ("Ms. Wilmore") (collectively "Defendants"), respectfully alleges:

### NATURE OF THE ACTION

    1.    This is an action under §502(a) (3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(a) (3), to enforce certain recovery and reimbursement rights under an employee welfare benefit plan governed by ERISA. This action seeks equitable relief in accordance with the U.S. Supreme Court's decision in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 126 S.Ct. 1869 (2006).

71430294.2

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims herein pursuant to ERISA §502(3) (1), 29 U.S.C. §1132(e) (1), pursuant to 28 U.S.C. §1331 (federal question).

3. Venue is proper in this District pursuant to ERISA §502(e) (2), 29 U.S.C. §1132(e) (2), in that upon information and belief, both Defendants reside or may be found in this District.

## THE PARTIES

4. ACS is, and was, at all relevant times hereinafter mentioned, a Delaware corporation maintaining its headquarters at 1301 Basswood Road, Schaumburg, Illinois. ACS formerly did business as Primax Recoveries Incorporated ("Primax").

5. Defendants Wilmore, Jr. and Ms. Wilmore are both natural persons. Upon information and belief, Wilmore, Jr. is the son of Mrs. Wilmore.

6. Upon further information and belief, Wilmore, Jr. and Ms. Wilmore reside at 1131 Findlay Avenue in the County of Bronx, State of New York.

## FACTS COMMON TO ALL CAUSES OF ACTION

A. **ACS's Business**

7. ACS is an independent vendor of medical claims recovery and cost containment services to private healthcare payors, third-party administrators, self-funded

employee benefit health plans and state and local government employee benefit health plans.

8. ACS's business is subrogation and reimbursement recovery, which involves the identification, investigation and recovery, by way of equitable enforcement of liens, of accident-related and other third-party caused medical expenses paid or incurred by employee benefit health plans to or for the benefit of participants in such plans and their beneficiaries, in circumstances where the terms of said plans provide for the recovery of such paid benefits.

9. Pursuant to a contractual arrangement with non-party Great-West Life & Annuity Insurance Company ("Great-West"), ACS reviews and pursues the equitable enforcement of plan liens arising as a result of the payment, by Great-West-administered plans, of medical expenses for illness or injuries sustained by individuals covered by such plans and for which other persons or entities are responsible.

B. **The ERISA Plan at Issue**

10. The employee welfare benefit plan (the "Plan") established and maintained by non-party C.C. Johnson & Malhotra, P.C. of Grand Rapids, Michigan ("C.C. Johnson & Malhotra"), is a Great-West-administered plan for which ACS reviews and recovers, pursuant to the terms of the Plan, benefits that have been paid for an illness or injury sustained by individuals covered by the Plan and for which other persons or entities are responsible.

71430294.2

11. The Plan is an employee welfare benefit plan within the meaning of ERISA §3(1), 29 U.S.C. §1002(1).

12. With respect to the claims asserted herein, ACS is a "fiduciary" of the Plan within the meaning of ERISA §3(21) (A), 29 U.S.C. §1002(21) (A), by virtue of its contractual agreement with Great-West.

13. At all times relevant, Wilmore, Jr. was a beneficiary under the Plan through his mother, Ms. Wilmore, a Plan participant.

14. The Plan's "Provision for Subrogation and Right of Recovery" provides:

> An Other Party may be liable or legally responsible to pay expenses, compensation and/or damages in relation to an Illness incurred by a Member (i.e. a Covered Person). A Covered Person is defined to also include the Member's legal representative.
>
> An Other Party is defined to include, but is not limited to, any of the following:
>
> - the party or parties who caused the Illness;
> - the insurer or other indemnifier or guarantor or indemnifier of the party or parties who caused the Illness;
> - the Covered Person's own insurer (for example, in the case of uninsured, underinsured, medical payments or no-fault coverage);
> - a worker's compensation insurer;
> - any other person, entity, policy or plan that is liable or legally responsible in relation to the Illness.
>
> Benefits may also be payable under the Plan in relation to the Illness. When this happens, Great-West may, at its option:

71430294.2

- subrogate, that is, take over the Covered Person's right to receive payments from the Other Party. The Covered Person will transfer to Great-West any rights he or she may have to take legal action arising from the Illness to recover any sums paid under the Plan on behalf of the Covered Person;

- recover from the Covered Person any benefits paid under the Plan from any payment the Covered Person is entitled to receive from the Other Party.

The Covered Person must cooperate fully with Great-West in asserting its subrogation and recovery rights. The Covered Person will, upon request from Great-West, provide all information and sign and return all documents necessary to exercise Great-West's rights under this provision.

Great-West will have a first lien upon any recovery, whether by settlement, judgment, mediation or arbitration, that the Covered Person receives or is entitled to receive from any of the sources listed above. This lien will not exceed:

- the amount of benefits paid by Great-West for the Illness, plus the amount of all future benefits which may become payable under the Plan which result from the Illness. Great-West will have the right to offset or recover such future benefits from the amount received from the Other Party; or

- the amount recovered from the Other Party.

If the Covered Person:

- makes any recovery from any of the sources described above; and

- fails to reimburse Great-West for any benefits which arise from the Illness;

then:

- the Covered Person will be personally liable to Great-West for the amount of the benefits paid under this Plan; and

71430294.2

- Great-West may reduce future benefits payable under this Plan for any Illness by the payment that the Covered Person has received from the Other Party.

**Great-West's first lien rights will not be reduced due to the Covered Person's own negligence; or due to the Covered Person not being made whole; or due to attorney's fees and costs.**

For clarification, this provision for subrogation and right of recovery applies to any funds recovered from the Other Party by or on behalf of:

- an Employee's minor covered Dependant;

- the estate of any Covered Person; or

- on behalf of any incapacitate person.

**C.    Wilmore, Jr.'s Injuries and the Plan's Advancement of Medical Expenses on His Behalf**

15.    Upon information and belief, on or about August 13, 2001, Wilmore, Jr. sustained bodily injuries as a result of a fall from a window in the apartment at which the Defendants resided at that time.

16.    Upon information and belief, the circumstances surrounding Wilmore, Jr.'s injuries were such that persons other than Defendants were responsible, in whole or in part, for causing his injuries.

17.    As a result of the injuries incurred by Wilmore, Jr. as a consequence of the August 31, 2001 incident, the Plan incurred and paid expenses for the medical care and attention of Wilmore Jr. in the amount of $151,237.81.

**D.     Defendants' Tort Action**

18.     Upon information and belief, on May 24, 2002, Defendants commenced a civil action (the "tort action") in the Supreme Court of the State of New York, Bronx County, against non-party New York City Housing Authority ("NYCHA"), captioned <u>Alvin Wilmore, Jr., an infant by his mother and natural guardian Carolyn Wilmore, and Carolyn Wilmore, individually against New York City Housing Authority</u>, Index No. 20002/02. Upon information and belief, a Verified Amended Complaint was filed in the tort action on May 6, 2004.

19.     Upon information and belief, Defendants in the tort action alleged that NYCHA was responsible, in negligence or otherwise, for Wilmore, Jr.'s injuries.

20.     On November 30, 2004, ACS (then Primax), on behalf of the Plan, provided notice to Defendants' counsel of the Plan's lien and right to reimbursement from any proceeds due or agreed to be paid on behalf of or to Wilmore, Jr. from any settlement or judgment received by or on behalf of Wilmore, Jr. designed to compensate him for medical expenses and injuries as a result of the aforementioned incident. ACS further requested that said proceeds be held in a trust pending resolution or adjudication of the Plan's claim.

21.     Defendants, through their counsel, refused to recognize the Plan's lien.

22.     Upon information and belief, the tort action remains pending in the Supreme Court of the State of New York, Bronx County.

71430294.2

23. The Plan holds a lien against any recovery or settlement obtained by Defendants in the amount of the medical benefits provided by the Plan to Wilmore, Jr. arising from the injuries to Wilmore, Jr. described above.

24. ACS, on behalf of the Plan, now brings this action in equity pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), to enforce the Plan's lien.

## AS AND FOR A FIRST CLAIM FOR RELIEF

25. ACS repeats and realleges each and every allegation contained in paragraphs "1" through "24" hereof as if more fully set fort herein.

26. As a result of the Plan's payment of medical expenses to or for the benefit of Wilmore, Jr. for the treatment of the injuries described above, the Plan acquired, pursuant to the language of the Plan, a first lien--to the extent of amounts so paid--upon any recovery obtained by Wilmore, Jr. or on his behalf from any third-party with responsibility for causing said injuries.

27. This lien applies to any recovery, whether by settlement, judgment, mediation or arbitration, that Defendants may receive in the tort action, and in any other action pursued by Defendants in connection with Wilmore, Jr.'s injuries described above.

28. As Ms. Wilmore was a member of the Plan and Wilmore, Jr. was a beneficiary of the Plan, Defendants were and are bound by the aforesaid terms of the Plan.

71430294.2

29. Ms. Wilmore and Wilmore, Jr. are on notice of the Plan's lien through their attorneys, but refuse to recognize the lien.

WHEREFORE, plaintiff ACS Recovery Services, Inc. respectfully demands that this Court enter judgment in its favor and against the defendants Alvin Wilmore, Jr. and Carolyn Wilmore:

(a) declaring that Plaintiff ACS Recovery Services is entitled to an equitable lien in accordance with the United States Supreme Court's decision in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 126 S. Ct. 1869 (2006) on the proceeds received by Defendants as a result of, or in connection with, the action against the New York City Housing Authority, or any other action pursued by Defendants against any third party in connection with Defendants' injuries to the extent of $151,237.81, plus interest;

(b) ordering Defendants to pay over to ACS the amounts subject to said lien in discharge of same upon receipt of said proceeds; and

(c) granting such other and further relief as this Court deems just and appropriate.

Dated: New York, New York
       February 28, 2008

>                                DAY PITNEY LLP
>                                Attorneys for Plaintiff,
>                                ACS Recovery Services, Inc.
>
>                                By: /s/ M. Alexander Bowie II
>                                M. Alexander Bowie, II (MB-6826)
>                                7 Times Square
>                                Times Square Tower
>                                New York, New York 10036
>                                Telephone: (212)297-5800
>                                Facsimile: (718) 210-0632

- 10 -

71430294.2