SEP-02-2008  13:57        GARY B PILLERSDORF                                    Jones, J
                                                                                P.02

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK            STIPULATION OF VOLUNTARY
------------------------------------X    DISMISSAL PURSUANT TO
                                         F.R.C.P. 41(a)(1)(ii) AND ORDER
ACS RECOVERY SERVICES, INCORPORATED,
                          Plaintiff,     ECF CASE

                -against-                Case No. 08cv2017 (BSJ) (THK)

ALVIN WILMORE, JR. AND CAROLYN WILMORE,
                          Defendants.

------------------------------------X

    WHEREAS, Plaintiff ACS Recovery Services, Inc. ("ACS") commenced this action on February 29, 2008 by filing a complaint seeking to enforce alleged recovery and reimbursement rights under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and to obtain equitable relief pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), and *Sereboff v. Mid Atlantic Medical Services, Inc.*, 126 S.Ct. 1869 (2006);

    WHEREAS, on May 22, 2008, this Court entered an Order granting a sixty (60) day stay in this action; and

    WHEREAS, the parties seek to terminate this action while preserving their right to assert certain claims and defenses in any subsequent action;

    IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned, that:

    1. The above-captioned action is hereby dismissed pursuant to the Federal Rules of Civil Procedure 41(a)(1)(ii), without prejudice and without fees or costs against any party.

{3081296A03082808}

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/08



2. Gary B. Pillersdorf & Associates, P.C. shall hold in a segregated interest-bearing account any recovery due or owed to the Wilmores from any third party, whether by settlement, judgment, mediation, arbitration, verdict, or otherwise (without reduction for attorney fees or costs), arising from the injuries sustained by Alvin Wilmore, Jr. on or about August 14, 2001 for which medical expenses were paid by an employee welfare benefit plan sponsored by C.C. Johnson & Malhotra, P.C. (the "Plan"), including but not limited to any recovery that the Wilmores receive in: (a) the action captioned, *Alvin Wilmore, Jr., an infant by his mother and natural guardian Carolyn Wilmore, and Carolyn Wilmore, individually against New York City Housing Authority*, filed in the Supreme Court of the State of New York, Bronx County, under Index Number 20002/2002 (the "State Court Action"); and (b) any other action pursued by the Wilmores, individually or collectively, which arise from or relate to Alvin Wilmore, Jr.'s injuries as described in this paragraph 2 (hereinafter referred to as "Any Other Action").

3. Gary B. Pillersdorf & Associates, P.C. shall hold any recovery, identified in paragraph 2, in a segregated interest-bearing account until the Wilmores and ACS resolve, through litigation (including all appeals, if any, are exhausted) or otherwise, whether ACS is entitled to a lien (and if so, in what amount) on such recovery pursuant to the terms of the Plan and/or the Plan's summary plan description.

4. Gary B. Pillersdorf & Associates, P.C. shall provide Day Pitney LLP with immediate and simultaneous notice (and where applicable, copies), either in written or electronic format, of the following: (a) any oral settlement or other dispositive agreement among the parties to the State Court Action or the parties to Any Other Action; (b) the execution of any settlement, judgment, or other form of award or recovery in the State



Court Action or Any Other Action; and (c) the deposit of any recovery in the State Court Action or Any Other Action into a segregated, interest-bearing account, as required in paragraphs 2 and 3 herein.

5. Gary B. Pillersdorf & Associates, P.C. shall provide Day Pitney LLP with written confirmation of the total amount of fees that it is claiming in the State Court Action or Any Other Action upon the execution of any settlement agreement, judgment, or other form of award or recovery in the State Court Action or Any Other Action.

6. The statute of limitations as to ACS' claims against the Wilmores is tolled as of February 29, 2008, the date of the filing of the initial Complaint in this matter, until Gary B. Pillersdorf & Associates, P.C. provides notice to Day Pitney LLP of any recovery in the State Court Action or Any Other Action, as applicable, pursuant to paragraph 4(c) herein.

7. The dismissal of this action, pursuant to paragraph 1, shall not act as a bar to ACS' restoration of such action and/or assertion of any causes of action (including to enforce the terms of this Stipulation and Order) against the Wilmores with respect to any recovery they have received or will receive from a third party, as a result of injuries sustained by Alvin Wilmore, Jr. and paid for by the Plan, as referenced in paragraph 2 herein.

8. The parties agree that if this action is restored and/or if ACS asserts any future causes of action, as referenced in paragraph 7 hereto, the parties will not seek the costs or fees they incurred in this action.

9. ACS and the Wilmores agree that if this action is restored and/or if ACS asserts any future causes of action (including to enforce the terms of this Stipulation and



Order), as referenced in paragraph 8 hereto, the action shall be brought in the United States District Court for the Southern District of New York, located in New York, New York.

10. Where Gary B. Pillersdorf & Associates, P.C. is required to provide notice pursuant to the terms of this Stipulation and Order, such notice requirement shall be satisfied if the requisite notice is provided via facsimile to Day Pitney LLP (Stefanie Kastrinsky, Esq. (212-916-2940) and M. Alexander Bowie II, Esq. (718-247-5995) and/or any later-designated attorney of Day Pitney LLP).

11. In the event the Wilmores retain counsel other than Gary B. Pillersdorf & Associates, P.C. in the State Court Action or Any Other Action, such counsel shall be bound by this Stipulation and Order and all references herein to Gary B. Pillersdorf & Associates, P.C. shall be substituted with the name of such counsel.

12. In the event ACS retains counsel other than Day Pitney LLP, all references herein to Day Pitney LLP shall be substituted with the name of such counsel.

13. The terms of this Stipulation and Order supersede all prior agreements, written or oral, between ACS and the Wilmores, including the parties' letter-agreement dated March 19, 2008.

#3081296A03082808



SEP-02-2008  13:57      GARY B PILLERSDORF                                              P.06

DAY PITNEY LLP
*Attorney for Plaintiff*

BY: _____
Stefanie Kastrinsky, Esq.
7 Times Square
New York, NY 10036
Telephone: (212) 297-5800
Facsimile: (212) 916-2940

DATED: _August 28, 2008_

GARY B. PILLERSDORF &
ASSOCIATES
*Attorney for Defendants Alvin
Wilmore, Jr. and Carolyn Wilmore*

BY: _____
Jason Bernstein, Esq.
225 Broadway – 10th Floor
Suite 1000
New York, NY 10007
Telephone: (212) 406-5884
Facsimile: (212) 406-4848

DATED: _Sept 2, 2008_

SO ORDERED: _____
/ BARBARA S. JONES, U.S.D.J.

DATED: _Sept. 3_, 2008

#3011296A03082808

TOTAL  P.06